UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK RAMIREZ,

    Petitioner,

v.

DEAN BORDERS, Warden,

    Respondent.

Case No. 18-cv-02358-HSG (PR)

**ORDER OF DISMISSAL**

Petitioner, a state prisoner, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. For the reasons stated below, the petition is DISMISSED.

## DISCUSSION

**A.   Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.   Background**

In 1995, a Santa Clara County jury convicted petitioner of possession of methamphetamine for sale while armed with a firearm and possession of a gun by a convicted felon. *See* Cal. Health & Safety Code § 11378; Cal. Penal Code §§ 12022(c), 12021(a). He was also found to have suffered two prior serious felony convictions and to have served four prior prison terms. *See* Cal. Penal Code §§ 667, 667.5. Petitioner was sentenced to 29 years to life in state prison. His conviction was affirmed by the California Court of Appeal in 1997, and his petition for review

was denied by the California Supreme Court in 1998. He also filed unsuccessful habeas petitions in state court. The instant petition was filed on April 19, 2018.

**C.     Petitioner's Claims**

Petitioner claims that he is entitled to resentencing pursuant to California's Proposition 47, *see* Cal. Penal Code § 1170.18, which was a referendum passed by California voters in November 2014. This law provides, "A person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ." Petitioner claims that his sentence is now illegal under Proposition 47. The Court disagrees.

First, petitioner does not allege that the failure to resentence him in accordance with Proposition 47 violated any federal constitutional law. That is, this claim does not state a claim cognizable on federal habeas review because it involves solely the application of California sentencing law. *See Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989) (holding that a claim of sentencing error for imposing "two sentences for a single act" under California Penal Code § 654 is not cognizable on federal habeas review); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (rejecting petitioner's claim that a state court misapplied its own aggravating circumstance because "federal habeas corpus relief does not lie for errors of state law").

Second, this is not petitioner's first federal habeas petition concerning his 1995 convictions. Petitioner filed a previous federal habeas petition, challenging the same conviction and sentence, which this court denied on the merits on May 13, 2002. *See Ramirez v. Small*, No. 99-3250 MHP (N.D. Cal. filed July 6, 1999). Because this petition challenges the same conviction and sentence, and petitioner has not presented an order from the Ninth Circuit Court of Appeals authorizing this court to consider any new claims, the court must dismiss the instant petition in its entirety. *See* 28 U.S.C. § 2244(b)(3)(A).

Finally, it does not appear that petitioner's crimes of possession of methamphetamine for sale while armed with a firearm and possession of a gun by a convicted felon are among those

crimes listed in Section 1170.18 as qualifying for resentencing. *See* Cal. Penal Code § 1170.18(a). Section 1170.18(a) permits resentencing of certain felony convictions if the defendant "would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of offense." The act only applies to the following crimes: certain drug offenses, codified at Cal. Health and Safety Code §§ 11350, 11357, and 11377; shoplifting, codified at Cal. Penal Code § 459.5; forgery, codified at Cal. Penal Code § 473; fraudulent checks, codified at Cal. Penal Code § 476a; receipt of stolen property, codified at Cal. Penal Code § 496; and petty theft, codified at Cal. Penal Code §§ 490.2, 666. Petitioner convictions are not included within Proposition 47 to qualify him for resentencing. *See Hanson v. Barnes*, No. 13-53-CJC (AGR), 2015 WL 1789005, at *1 (C.D. Cal. Apr. 17, 2015) (stating that a defendant convicted of a crime not listed in section 1170.18(a) cannot qualify for resentencing). Thus, petitioner's sentence is unaffected by Proposition 47.

## CONCLUSION

For the foregoing reasons, the instant habeas petition is DISMISSED with prejudice. The Clerk shall terminate any pending motions and close the file.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's denial of his claim on procedural grounds debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The Clerk is directed to terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: 6/5/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

3